**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| ROBERT WASHINGTON, | Civil Action No. 17-3439(RMB) |
| Petitioner | |
| v. | **OPINION** |
| WILLIE BONDS, *et al.*, | |
| Respondents | |

**BUMB**, District Judge

This matter comes before the Court upon the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Pet., ECF No. 1) filed by Petitioner Robert Washington ("Petitioner"), an inmate confined in South Woods State Prison in Bridgeton, New Jersey. Petitioner alleged four grounds for relief in his habeas petition. (Id.) Petitioner, however, simultaneously filed a memorandum in support of his habeas petition, in which he asserted ten grounds for relief. (ECF No. 1-7.) Respondents filed an answer opposing habeas relief. (Answer, ECF No. 5.) Respondents addressed the four grounds for relief stated in Petitioner's habeas petition. (Id.)

Petitioner has filed a mixed petition containing exhausted and unexhausted claims. Pursuant to Rose v. Lundy, 455 U.S. 509,

522 (1982), this Court must dismiss a mixed petition. As discussed below, Petitioner must now choose how he would like to proceed.

I. PROCEDURAL HISTORY

On December 10, 2009, Petitioner was indicted by an Atlantic County grand jury for luring or enticing a child (Count 1); criminal restraint (Count 2); aggravated sexual assault (Counts 3, 4, and 5); possession of a weapon for unlawful purposes (Count 6); unlawful possession of a weapon (Count 7); aggravated assault (Count 8); and possession of a weapon by a convicted person (Count 9). (Answer, Ex. 7, ECF No. 5-9.) On April 15, 2010, the grand jury returned a superseding indictment, adding a charge of attempted murder (Count 9) to the charges in the original indictment. (Answer, Ex. 8, ECF No. 5-10.)

On October 22, 2010, Petitioner pleaded guilty to amended Count 3, criminal sexual restraint, and Count 9, attempted murder. (Answer, Ex. 3, ECF No. 5-5; Ex. 9, ECF No. 5-11.) On January 7, 2011, the Superior Court sentenced Petitioner, on Count 9, to sixteen years in prison with an 85% parole disqualifier and five years of parole supervision, and to a concurrent term of eighteen months in prison on Count 3. (Answer, Ex. 4, ECF No. 5-6 at 14-15.) The remaining counts were dismissed. (Id.) The sentences were concurrent with another sentence that Petitioner was serving. Ex. 10, ECF No. 5-12.)

Petitioner filed a direct appeal, raising two issues: (1) the trial judge misapplied Aggravating Factor 2; and (2) the trial judge failed to have a proper restitution hearing. (Pet., ECF No. 1, ¶9.) On March 8, 2012, the Superior Court of New Jersey, Appellate Division affirmed Petitioner's sentence. (Answer, Ex. 12, ECF No. 5-14.)

On April 4, 2012, Petitioner filed a motion for post-conviction relief ("PCR"). (Pet., ECF No. 1, ¶11; Answer, Ex. 13, ECF No. 5-15.) Petitioner raised the following claims in his first PCR petition: (1) ineffective assistance of counsel for failing to argue that the trial court improperly balanced the aggravating and mitigating factors at sentencing; (2) trial counsel was ineffective by permitting an inadequate basis for the charges of attempted murder and criminal sexual contact; (3) "no basis existed for a Certain Sexual Offenders Surcharge;" (4) counsel was ineffective because the trial court failed to award the defendant gap and jail time credits; (5) counsel failed to advise the defendant that by entering into the plea agreement, he was waiving his rights to appeal the outcome of his Miranda and Wade motions. (Pet., ECF No. 1, ¶11(a)(5)).[1]

---

[1] Respondent's were unable to locate and produce Petitioner's brief in support of his first PCR petition. (Index of Exhibits, ECF No. 5-2 at n. 1.)

3

Following a hearing, the PCR court denied Petitioner's PCR petition.[2] (Answer, Ex. 6, ECF No. 5-8 at 28; Ex. 15, ECF No. 5-17.) Petitioner appealed and the Appellate Division affirmed the PCR court. (Answer, Ex. 20, ECF No. 5-22.) On April 14, 2015, Petitioner filed a petition for certification with the Supreme Court of New Jersey. (Answer, Ex. 21, ECF No. 5-23.) In an order entered on July 10, 2015, the Supreme Court denied the petition. (Answer, Ex. 22, ECF No. 5-24.)

On August 15, 2015, Petitioner filed a second PCR petition, presenting the following issues: (1) ineffective assistance of counsel for failing to raise the issue that the State withheld exculpatory evidence and made false claims before the grand jury; (2) the trial judge showed bias at sentencing and at the PCR hearing on February 8, 2013; (3) ineffective assistance of counsel for failing to provide Petitioner with the grand jury transcripts, which were requested on June 30, 2010. (Pet., ¶11(b)(5), ECF No. 1.) On October 21, 2015, the PCR court issued a letter decision[3]

---

[2] The PCR court addressed the following claims: (1) the PCR Court erred in not holding an evidentiary hearing; (2) the trial judge misapplied aggravating factor #2 at sentencing; (3) defendant is entitled to have mitigating factor #6 applied at sentencing; (4) Petitioner should have received a lighter sentence; (5) bias by the sentencing court; (6) bias by the PCR court; (7) State failed to disclose exculpatory evidence to the grand jury.

[3] The PCR court stated that Petitioner raised only two issues in his second PCR petition: (1) the trial judge displayed bias; and (2) the State failed to disclose exculpatory evidence to the grand jury. (Answer, Ex. ECF 5-25.)

and entered an order denying the application on procedural grounds. (Answer, Ex. 23, ECF No. 5-25; Ex. 24, ECF No. 5-26.) Petitioner appealed the denial of his second PCR petition, but the PCR court was affirmed by the Appellate Division on September 15, 2016, and certification was denied by the New Jersey Supreme Court on April 4, 2017. (Answer, Ex. 27, ECF No. 5-29; Ex. 28, ECF No. 5-30.)

In the meantime, on February 5, 2016, Petitioner filed a third petition for post-conviction relief, raising the following issues: (1) PCR counsel was ineffective; (2) prosecutorial misconduct for failing to produce exculpatory evidence and making false statements to the grand jury; (3) judicial misconduct at sentencing and the PCR hearing; and (4) "the trial counsel mislead [sic] the defenda[nt] by not informing him that the state offered a 10 year plea bargain in which discouraged the defendant to accepting the offer." (Pet., ECF No. 1, ¶11(b)(5)). On April 1, 2016, the PCR court issued a letter decision and entered an order denying the third petition on procedural grounds. (Answer, Ex. 25, ECF No. 5-27; Ex. 26, ECF No. 5-28.)

In response to a question on the habeas petition of whether Petitioner had appealed his third PCR petition to the highest state court having jurisdiction, Petitioner responded:

> With the exception of ground 4 raised the other three remaining arguments were currently being appealed, and previously argued. As for gr. 4 I felt to appeal may be a waste of time,

5

> because my lack of faith in the Appellate Courts.

(Pet., ECF No. 1, ¶11(e)). Respondent has no knowledge of the facts alleged in paragraph 11(e) of the Petition. (Answer, ECF No. 5, ¶11.) Respondents did not produce any records related to an appeal of Petitioner's third PCR petition. (Index of Exhibits, ECF No. 5-2.) Petitioner filed his federal habeas petition on May 15, 2017.

II. DISCUSSION

<u>Exhaustion of State Court Remedies</u>

28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In 1982, the Supreme Court held that § 2254 requires total exhaustion of available state court remedies before a habeas court may address a state prisoner's federal claims. <u>Lundy</u>, 455 U.S. at 522. In <u>Rhines v. Weber</u>, after legislative changes were made to federal habeas corpus proceedings in 1996, the Supreme Court revisited the total exhaustion rule. 544 U.S. 269 (2005). The new

one-year habeas statute of limitations presented a problem with total exhaustion of state remedies. Id. at 275. For example, if a petitioner filed a timely mixed petition in federal court but the district court dismissed the mixed petition for failure to exhaust after the one-year limitations period expired, this would "likely mean the termination of any federal review." Id.

Petitioner is presented with this same problem. If he withdraws his entire habeas petition until he exhausts all of his federal claims, the statute of limitations will bar him from returning to federal court. The Supreme Court in Rhines recognized that districts court have the authority to stay a petition and hold it an abeyance while a state prisoner exhausts his state remedies. Id. at 275-76.

There are, however, conditions upon which a district court may grant a stay and abeyance. First, the court must determine whether there was good cause for the petitioner's failure to first exhaust his claims in state court. Id. at 277. Second, the district court must determine whether the unexhausted claims are plainly meritless, in which case it should not grant a stay. Rhines, 544 U.S. at 277. If a stay is appropriate, it must be limited to the time needed to exhaust claims in the state court. Id. at 277-78.

In the alternative to seeking a stay and abeyance, Petitioner may withdraw his unexhausted claims and proceed only on his exhausted claims. If Petitioner chooses this option, he should be

7

advised that both the statute of limitations and the limitation on second or successive habeas petitions in 28 U.S.C. § 2244(b)(3) may preclude Petitioner from bringing any additional habeas claims at a later date.

III. CONCLUSION

Petitioner has presented a mixed habeas petition, which this Court is required to dismiss. Petitioner will first be given the opportunity to file a motion seeking a stay and abeyance while he returns to state court to exhaust his unexhausted federal claim(s). If Petitioner chooses this option, he should describe in his motion for a stay and abeyance his good cause for failing to exhaust his federal claims before bringing his habeas petition and explain why his unexhausted claims are not plainly meritless. Alternatively, Petitioner may withdraw his unexhausted claims and proceed only on his exhausted claims.

An appropriate order follows.

Date: April 26, 2019         s/Renée Marie Bumb
                             **RENÉE MARIE BUMB**
                             **United States District Judge**